(84 South. 421)

### R. F. DARRAH LUMBER CO. v. McGOWIN LUMBER CO.    (4 Div. 611.)

(Court of Appeals of Alabama. Oct. 28, 1919. Rehearing Denied Nov. 25, 1919.)

1. SALES ☞202(6)—TITLE PASSED ON PAYMENT OF DRAFT FOR PART OF PRICE ATTACHED TO BILL OF LADING.

An agreement for sale of lumber f. o. b. place of delivery, under which no title would pass until delivery, was modified by a later agreement, whereby the buyer paid drafts for part of the ·purchase price attached to ·the bills of lading which showed that the lumber was to be remilled during transit, and under the later agreement title passed on payment of the drafts.

2. SALES ☞214 — CONTRACT MAY PROVIDE THAT TITLE PASSES BEFORE MANUFACTURE IS COMPLETED.

Though ordinarily a contract does not become a sale if any term in which the seller must co-operate or which imposes liability or duty on him remains to be performed, an executory contract to sell and deliver a completed article may be changed or·modified so as to pass title to the article before the manufacture is completed.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action by the R. F. Darrah Lumber Company against the McGowin Lumber Company in detinue, trover, and the common count. Judgment for defendant and plaintiff appeals. Reversed and remanded.

Action by plaintiff to recover the value of a carload of lumber. From a judgment for defendant, plaintiff appeals.

The plaintiff, who lived in Mississippi, contracted with one Grace, of Graceville, Fla., by correspondence, for the purchase of one carload of lumber of certain dimensions, shiplapped and dressed on two sides, to be delivered to the plaintiff f. o. b. Lackawanna, N. Y. On July 14th, Grace wired plaintiff asking whether plaintiff would pay draft against bill of lading for amount of shipment. In reply, plaintiff wired Grace that he would protect draft at $14 per M. Thereupon the lumber was shipped on straight bill of lading consigned to "Remilling Plant, Andalusia, Alabama," to be remilled and reshipped to plaintiff at Lackawanna, N. Y. This bill of lading attached to a draft drawn on plaintiff for the lumber at $14 per M. was in due course presented and paid. Attached also to the draft was an account of sale, showing a credit of $14 per M. and a charge of $29 per M., when lumber was dressed on two sides, shiplapped, and delivered at Lackawanna, N. Y. When the lumber reached Andalusia, it remained on the car for several days. The defendant having received from Grace a letter addressed to "Andalusia

Remilling Plant," dated July 16th, in words as follows:

"Gentlemen: I shipped you C of Ga 51422, loaded with 2x8 & 10″ 3x8 & 10″ 9x18′ Docking. Please S 2 S and shiplap, pay the frt when remilled, attach your account to draft, and draw on me here, and I will pay it when presented. Please make me the best price on it your sane I will have about 200.000′ to be remilled there. Please reship, to R. F. Darrah Lumber Co., Lackawanna, Erie Co., N. Y. Southern Buffalo, Delivery.

"Yours truly,    [Signed] H. B. Grace "

—defendant paid the freight charges and took possession of the lumber. On July 16th, plaintiff wrote defendant the following letter:

"McGowin & Co., Remilling Plant, Andalusia, Ala.—Gentlemen: We hold B/L covering car C of G 51422 shipped by H. B. Grace, Graceville, Fla. Car contains 3x8, 3x10, 2x8 and 2x10–9 & 18,′ which is to be dressed and shiplapped. We presume Mr. Grace has given you dressing instructions. This car is destined to Lackawanna, N. Y.

"When car is forwarded please advise us transfer car number and insert in B/L South Buffalo RWY. Delivery.

"Please let us hear from you as soon as possible.

"Yours truly, R. F. Darrah Lumber Co."

No reply was had to this letter, and on August 4th plaintiff again wrote defendant inquiring about the lumber. On August 6th, defendant replied to this inquiry, admitting receipt of the lumber and saying that, when received, it was not in condition to be dressed and that they had stacked it on the 7th to dry and expected to "run" it that week. Not hearing anything from defendant, on August 13th plaintiff sent a telegram to defendant with reference to the lumber as follows:

"August 13, 1917.

"To McGowin Lumber Company, Andalusia, Alabama.

"Wire number date forwarded Central Georgia Five Fourteen two two.

"R. F. Darrah Lumber Company."

In reply to this, defendant wrote, referring to the condition of the lumber, again promising to rush remilling and shipment. On the same date, plaintiff again urged remilling and reshipment, and on August 15th defendant wrote plaintiff as follows:

"Andalusia, Ala.    August 15, 1917.

"R. F. Darrah Lbr. Co., Meridian, Miss.—Gentlemen: We have your favor of the 13th with reference to car number 51422 which is to be consigned to yourselves at Lackawanna, N. Y. We are dressing on this stock today and will hand you shipping papers at the very earliest possible moment, which we trust will be satisfactory.

"Yours very truly, McGowin Lumber Co."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On August 22d, plaintiff wrote defendant:

"McGowin Lumber Company, Andalusia, Alabama—Gentlemen: Kindly refer to our letter of August 17th, relative to car 51422 shipped by H. B. Grace.

"Kindly let us have tally and transfer car number.

"Yours truly, R. F. Darrah Lumber Co."

On August 24, defendant wrote plaintiff:

"R. F. Darrah Lbr. Co., Meridian, Miss.—Gentlemen: We have your favor of the 22nd with reference to car No. 51422, shipped by H. B. Grace.

"We beg to advise that Mr. Grace is owing us and we have been unable to get an answer from him by wire or letter. We have, therefore, concluded to hold this car for our protection until we can get a settlement from him.

"If you can be of any assistance to us in this matter, we will greatly appreciate your help.

"Yours truly,     McGowin Lumber Co."

After that, plaintiff wrote defendant claiming title and demanding possession of the lumber and offering to pay milling charges, and defendant replied claiming other indebtedness against Grace and refusing to deliver the lumber to plaintiff unless plaintiff paid this, amounting to $134. On the trial it developed that the entire amount claimed by defendant against Grace was $109, which included the amount paid for freight on this lumber, and that this lumber had never been remilled, but had been sold by defendant and the proceeds appropriated to its own use. The trial court, sitting without a jury, gave judgment for defendant.

E. O. Baldwin, of Andalusia, for appellant.

The court erred in rendering judgment for the appellee. 5 Ala. App. 444, 59 South. 746; 63 Ala. 243; 123 Ala. 612, 26 South. 498; 146 Ala. 691, 40 South. 503; 4 Amer. Ency. of Law, 548, and note.

Powell, Albritton & Albritton, of Andalusia, for appellee.

The title never passed from Grace to the plaintiffs. 35 Cyc. 319; 195 Ala. 73, 70 South. 686. The contract of sale did not become consummated, and title does not pass under an executory agreement. 59 Ala. 506; 179 Ala. 512, 60 South. 298.

SAMFORD, J. The facts of this case present a clear case of conversion. The judge trying the case without a jury evidently proceeded upon the theory that no title to the lumber passed to the plaintiff, and therefore the plaintiff was without right of action against the defendant.

[1] If the contract of purchase had remained as originally made, the title to the lumber would not have passed to the plaintiff until it had been manufactured in accordance with the agreed specifications and delivered f. o. b. Lackawanna, N. Y. But the parties to the

17 ALA.APP.—17

original agreement changed or modified the contract of purchase, and, acting upon the modified agreement, Grace delivered the lumber to the railroad company, consigning the shipment to "Andalusia Milling Company," for remilling and reshipment to plaintiff at Lackawanna, N. Y., thereby constituting defendant one of the agencies whereby plaintiff was to have the lumber as originally contracted. At the time of delivery to the railroad, Grace took a bill of lading describing the lumber, designating the manner of handling and its ultimate destination, and naming the plaintiff as the ultimate consignee. This bill of lading became the "document of title," in which the duties of intervening agencies were plainly set forth. Grace then drew a draft on plaintiff for the amount of the purchase price agreed to be paid under the modified agreement, which draft was paid upon presentation to the plaintiff, and the bill of lading was delivered to him. The defendant, by accepting the lumber in accordance with the terms of the bill of lading, accepted the duties of an intermediate agency, and indeed the defendant so recognized this obligation from July 16th to August 24th, as is evidenced by several letters from defendant to the plaintiff written during that period. Grace had parted with the possession of the lumber and, after shipment and the payment of the draft with bill of lading attached, had no right to its disposition other than had been already designated in the bill of lading under which this defendant received it from the railroad. The effect of the modified contract was to vest the plaintiff with the title to the lumber on its delivery to the railroad company and the payment of a part of the original agreed price with an extension of credit for the balance after deducting the cost of delivery at Lackawanna, N. Y. It appearing by the terms of the modified contract and its execution that it was the intention of the parties that the property should pass to the buyer, the title to the lumber was effectually in the plaintiff, regardless of whatever other claim Grace may have had against the plaintiff, or whatever further duties he might owe to the plaintiff with respect to the lumber. The foregoing principles are amply supported by the following authorities: Shealey & Finn v. Edwards, 73 Ala. 175, 49 Am. Rep. 43; Hutchinson v. Hunter, 7 Pa. 146; Clemens v. Davis, 7 Pa. 263; Boswell v. Green, 25 N. J. Law, 390; Allen v. Maury, 66 Ala. 10; McCormick & Richardson v. Joseph & Anderson, 77 Ala. 236; 35 Cyc. 321; Cook & Laurie Con. Co. v. Bell, 177 Ala. 618, 59 South. 273.

[2] We are familiar with the rule asserted by the appellee and sustained by the case of Robinson v. Hirschfelder, 59 Ala. 503, to the effect that a contract is only an agreement to sell and does not become a sale if any term in which the seller must co-operate, or which

imposes a liability or duty on him, remains to be performed, such as weighing, measuring, inspecting, etc. But there is nothing in the case cited in conflict with the authorities which hold that an executory contract to sell and deliver a completed article may be changed or modified so as to pass title to the article before its manufacture is completed.

The defendant in this case, under the facts as set out in the record, is guilty of a conversion, and the plaintiff, holding the title, may maintain an action against him. The court erred in its judgment.

The judgment of the court is therefore reversed, and the cause is remanded.

Reversed and remanded.